IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHILLIP GARY SISSON, #213 343, <br> SAM OGLE, #109 996, <br><br>     Plaintiffs, <br><br>     v. <br><br> MAILROOM ADMINISTRATOR, *et al.*, <br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.:  2:12-CV-128-TMH<br>)                      [WO]<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs filed this 42 U.S.C. § 1983 action on February 10, 2012. They complain about unconstitutional interference with their incoming and outgoing mail. They further assert their mail is censored in violation of the First Amendment. Plaintiffs are currently incarcerated at the Bibb Correctional Facility which is located in Brent, Alabama. It appears that the actions which form the basis of the instant complaint are occurring at that facility. The Bibb Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

## I. DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It appears from the allegations in the complaint that the actions about which Plaintiffs complain are occurring at a facility located within the jurisdiction of the United States District Court for the Northern District of Alabama and that a majority of witnesses and evidence associated with this case are located in the Northern District of Alabama. Thus, the court concludes from the face of the complaint, the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.[1]

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

---

[1] In so ruling, this court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before February 29, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 15th day of February, 2012.

                        /s/ Wallace Capel, Jr.
                        WALLACE CAPEL, JR.
                        UNITED STATES MAGISTRATE JUDGE